IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAWANA TERRELL JOHNSON**            **PETITIONER**

**V.**            **NO. 3:21-CV-166-DMB-JMV**

**WARDEN WENDELL BANKS, et al.**            **RESPONDENTS**

**ORDER**

On or about June 9, 2021, Tawana Terrell Johnson filed a pro se petition for a writ of habeas corpus in the United States District Court for the Southern District of Mississippi. Doc. #1. Because Johnson "failed to submit a petition signed under penalty of perjury" on the requisite form and "ha[d] not named the proper respondent," United States Magistrate Judge F. Keith Ball ordered Johnson to file an amended petition. Doc. #2. Johnson filed an amended petition on or about July 20, 2021. Doc. #3. Eight days later, United States District Judge Daniel P. Jordan III ordered the case transferred to the United States District Court for the Northern District of Mississippi. Doc. #4.

On October 12, 2021, after being ordered to respond,[1] the State filed a motion to dismiss Johnson's petition with prejudice as untimely or, alternatively, as procedurally defaulted or unexhausted. Doc. #11. Johnson filed a response, Doc. #13, and the State did not reply.

On June 29, 2022, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that the State's motion be granted and Johnson's petition be dismissed with prejudice as untimely and as procedurally defaulted. Doc. #14. No objections to the R&R were filed and the time to do so has passed.

---

[1] Doc. #7.

"With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).  The Court has reviewed the R&R and finds no plain error on the face of the record.  Accordingly, the R&R [14] is **ADOPTED** as the order of the Court, the State's motion to dismiss [11] is **GRANTED**, and Johnson's petition for a writ of habeas corpus [1], as amended [3], is **DISMISSED with prejudice**.  Based on the criteria announced in *Slack v. McDaniel*, 529 U.S. 473 (2000),[2] a certificate of appealability is **DENIED**.

**SO ORDERED**, this 15th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.