IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAWANA TERRELL JOHNSON**                                   **PETITIONER**

**V.**                                   **NO. 3:21-CV-166-DMB-JMV**

**WARDEN WENDELL BANKS, et al.**                           **RESPONDENTS**

## ORDER

On June 29, 2022, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that the State's motion to dismiss Tawana Terrell Johnson's pro se petition for a writ of habeas corpus be granted and that the petition be dismissed with prejudice as untimely and as procedurally defaulted. Doc. #14. The R&R provided that any objections "must be filed within fourteen (14) days" and ordered Johnson to acknowledge receipt of the R&R by returning the acknowledgment form within the same fourteen days. *Id.* at 19. Johnson did not file objections or return the acknowledgment of receipt within the time allowed.

On July 15, 2022, the Court adopted the R&R as the order of the Court, granted the State's motion to dismiss, and dismissed Johnson's petition with prejudice. Doc. #15. The Court entered a final judgment that day. Doc. #16.

Johnson acknowledged receipt of the July 15 order on or about August 11, 2022. Doc. #17. The same day, she filed a "Petition to Report Non-Issuance of Report & Recommendation." Doc. #18. In this filing, Johnson represents that as of August 9, 2022, she had not received a copy of the R&R and in support, attached a notarized "Acknowledgment of Receipt" denying that she received the R&R. *Id.* at PageID 881.

Because the "filings of a federal habeas petitioner who is proceeding *pro se* are entitled to

the benefit of liberal construction"[1] and given that Johnson's August 11 petition was filed within twenty-eight days of the final judgment,[2] the Court construes Johnson's petition as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e).

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Gilbert v. Lessard*, 842 F. App'x 926, 927 (5th Cir. 2021) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A district court may also grant Rule 59(e) relief to "prevent manifest injustice." *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

Here, Johnson's August 11 petition is based on her representation that she did not receive a copy of the R&R so was not aware of its findings and did not have an opportunity to file objections. Doc. #17. This representation is supported by the absence of an acknowledgment of receipt of the R&R by Johnson and by Johnson's sworn statement denying that she received the R&R. *Id.* at PageID 881. Finding that such establishes Johnson was not aware of the R&R until after this Court entered judgment, it follows that she could not have raised her failure to receive the R&R before the judgment issued. Additionally, the Court concludes that allowing Johnson an opportunity to raise objections to the R&R will eliminate any potential manifest injustice.

For these reasons, Johnson's motion to alter the judgment [18] is **GRANTED**. The Court's July 15, 2022, order [15] and judgment [16] are **VACATED**. The Clerk of Court is **DIRECTED** to mail Johnson a copy of the R&R and this order. Johnson must acknowledge receipt of both the

---

[1] *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

[2] *See In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (motions "asking the court to reconsider a prior ruling" "filed within 28 days of the judgment being challenged" are construed as motions under Rule 59(e)).

R&R and this order within fourteen (14) days. Johnson may file any objections to the R&R within twenty-one (21) days of the entry of this order.

 **SO ORDERED**, this 29th day of November, 2022.

               <u>/s/Debra M. Brown</u>
               **UNITED STATES DISTRICT JUDGE**