IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAWANA TERRELL JOHNSON**                                 **PETITIONER**

**V.**                                         **NO. 3:21-CV-166-DMB-JMV**

**WARDEN WENDELL BANKS, et al.**                             **RESPONDENTS**

## ORDER

On June 29, 2022, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that the Court grant the State's motion to dismiss Tawana Terrell Johnson's pro se petition for a writ of habeas corpus and dismiss the petition with prejudice as untimely and as procedurally defaulted. Doc. #14. Specifically, Judge Virden concluded that Johnson's petition was filed outside the one-year statute of limitations for federal habeas petitions; statutory and equitable tolling did not apply; "actual innocence" did not apply to excuse the untimely filing; and, even if the petition was timely, Johnson's claims were procedurally defaulted because she "did not exhaust her state remedies before seeking *habeas corpus* relief in federal court" and a "return to state court would be futile." *Id.* at 8–14, 16–17. On July 15, 2022, in the absence of objections to the R&R, the Court adopted the R&R, granted the State's motion to dismiss, dismissed Johnson's petition with prejudice, and entered a final judgment accordingly. Docs. #15, #16.

By order issued November 29, 2022, based on a motion by Johnson representing that she did not receive a copy of the R&R, the Court vacated its July 15 order and judgment, and advised Johnson that she "must acknowledge receipt of both the R&R and this order within fourteen (14) days" and "may file any objections to the R&R within twenty-one (21) days." Doc. #19. After

Johnson failed to comply with either directive, the Court again adopted the R&R and entered final judgment on January 4, 2023. Docs. #20, #21.

On January 18, 2023, the Court received from Johnson (1) an acknowledgment of receipt of the June 29 R&R, Doc. #22; (2) an acknowledgement of receipt of the November 29 order, Doc. #23; (3) a "Petition for Acknowledgement of Receipt" ("Acknowledgement Petition"), Doc. #25; (4) a "Petition to Report Non-Issuance of Report & Recommendation" ("R&R Petition"), Doc. #26; and (5) a "Petition to Report Tampering of Evidence" ("Evidence Petition"), Doc. #27.[1] In the Acknowledgement Petition, Johnson represents that she did not receive a copy of the R&R and November 29 order until January 12, 2023; the documents were "not delivered by legal mail;" and the envelope was received in poor condition. Doc. #25 at PageID 892; Doc. #25-1. In the R&R Petition, she represents that "as of Jan 12, 2023, [she] ha[d] not recieved [sic] a copy" of the R&R or November 29 order or their corresponding acknowledgments. Doc. #26 at PageID 896. In the Evidence Petition, Johnson asserts that "(2) Exhibits where [sic] removed from within [her] Federal Habeas Petition," specifically a "statue [sic] for 41-29-139 Prohibiting Acts and Penalties, Indictments for Trafficking" and a "Notice of Appearance for Para-legal Mr. Richard E. Madkins Jr. assistance." Doc. #27 at 1. Johnson argues that the notice of appearance was removed "to prevent petitioners [sic] request for a HEARING" and reiterates the argument in her petition that her conviction was improper because "[t]here is and never has been a statue [sic] recorded less than a kilo but more than thirty grams." *Id.*

It is unclear what relief Johnson now seeks through her various filings. To the extent Johnson's filings assert a claim for "legal mail tampering," such is properly brought in a separate

---

[1] Johnson also sent the Court a "Notice for Change of Address." Doc. #24. To the extent Johnson's change of address resulted in her failure to receive timely communications from the Court, Johnson bore the burden of updating her current address. *See* Doc. #6 ("The failure to keep this court advised of your current address so that you may receive communications from this court in a timely manner could result in the dismissal of your case.").

civil action under 42 U.S.C. § 1983, not in this habeas case. *See Ford v. Blair*, No. 7:12-cv-180, 2015 WL 12966200, at *1 (N.D. Tex. Mar. 26, 2015) (analyzing inmate's claim that defendant "may have tampered with, or altered his petition [for writ of habeas corpus]" under § 1983). And if the filings are objections to the R&R, they are insufficient to show Johnson is entitled to relief because she fails to identify "any specific defects" in the R&R. *Jones v. Wallace*, No. 22-1753, 2022 WL 3160315, at *1 (E.D. La. Aug. 8, 2022); *see Davis v. Turner*, No. 5:20-cv-149, 2021 WL 3118309, at *1 (S.D. Miss. July 22, 2021) ("Since the Plaintiff's Objections are not related to a specific finding within the Report and Recommendation, the Court finds that his Objections do not merit a *de novo* review of the Report and Recommendation.").

Further, Johnson has not shown she is entitled to relief based on any of the facts presented in the various filings. Johnson's claim that her mail was tampered with cannot "rise to the level of a constitutional violation of [her] right to access to the courts" because she has not alleged that her "position as a litigant was prejudiced by the mail tampering." *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). With respect to the copy of the statute of conviction, Mississippi Code § 41-29-139, the R&R specifically referenced Johnson's conviction under § 41-29-139(a), discussed the changes to the penalty provisions of the statute, and concluded that the five-year "base sentence the trial court used in determining her final – enhanced – sentence" was appropriate. Doc. #14 at 3–4, 12. Consideration of the printed copy of § 41-29-139 does not impact the R&R's conclusion. And with respect to the notice of appearance, because "[n]o constitutional right to counsel exists in federal postconviction proceedings,"[2] it follows that Johnson is not entitled to

---

[2] *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

have the assistance of a paralegal, much less have a paralegal enter an appearance on the docket in her case.[3] For these reasons, Johnson's petitions [25][26][27] are **DENIED**.

**SO ORDERED**, this 31st day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent Johnson argues the removal of the notice of appearance prevented her from receiving a hearing, because this Court has "discretion over whether to grant" an evidentiary hearing and because Johnson has not asserted *any* facts under which she could be granted federal habeas relief, a hearing is not warranted. *Murphy v. Davis*, 901 F.3d 578, 590 (5th Cir. 2018).